IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Vasudevan Software, Inc., | |
| Plaintiff, | |
| | Civil Action No. _____ |
| v. | |
| International Business Machines Corporation and Oracle Corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Vasudevan Software, Inc. (VSi) alleges as follows:

### THE PARTIES

1.   Plaintiff VSi is a corporation duly organized under the laws of North Carolina with its principal place of business at 380-H Knollwood Street, Suite 193, Winston-Salem, North Carolina 27103.

2.   Upon information and belief, Defendant International Business Machines Corporation (IBM) is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

3.   Upon information and belief, Defendant Oracle Corporation (Oracle) is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.

### JURISDICTION AND VENUE

4.   This action arises under the United States Patent Laws, codified at 35 U.S.C. § 1, et seq.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. IBM has sufficient contacts with this judicial district and the state of Texas to subject it to the jurisdiction of this Court. IBM is authorized to do business in Texas. CT Corporation System is a registered IBM agent for service of process, located at 350 N. Saint Paul Street, Dallas, Texas 75201. IBM maintains facilities and conducts business in Texas, including in the Eastern District of Texas. IBM also advertises and sells its products to distributors and residents throughout Texas. In addition, IBM has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling VSi to relief.

7. IBM has asserted its patents in the Eastern District of Texas, in Civil Action Nos. 9:06cv242 and 6:06cv242.

8. Oracle has sufficient contacts with this judicial district and the state of Texas to subject it to the jurisdiction of this Court. Oracle is authorized to do business in Texas. Corporation Service Company is a registered Oracle agent for service of process, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701. Oracle maintains facilities and conducts business in Texas, including in the Eastern District of Texas. Oracle maintains an office at 5556 Tennyson Parkway, Plano, Texas 75024. Oracle also advertises and sells its products to distributors and residents throughout Texas. In addition, Oracle has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling VSi to relief.

9. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because IBM and Oracle (collectively, Defendants) have committed acts of direct and indirect infringement in the Eastern District of Texas, have transacted business in the

Eastern District of Texas, and have established minimum contacts with the Eastern District of Texas.

## COUNT ONE - INFRINGEMENT OF THE '006 PATENT

10.     On April 5, 2005, United States Patent No. 6,877,006 B1 (the '006 Patent) was duly and legally issued for an invention entitled "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation."  On January 6, 2009, an Ex Parte Reexamination Certificate was duly and legally issued for the '006 Patent.  The Reexamination Certificate confirms the patentability of all claims.  VSi was assigned the '006 Patent and continues to hold all rights and interest in the '006 Patent.  VSi has complied with the requirements of 35 U.S.C. § 287.  A true and correct copy of the '006 Patent and the Reexamination Certificate is attached as Exhibit A.

11.     IBM, including IBM Global Services, has infringed and continues to infringe the '006 Patent by its manufacture, use, offer for sale, importation and/or sale of WebSphere Information Integrator (formerly known as DB2 Information Integrator), WebSphere Federation Server, InfoSphere Federation Server, and other  products, and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, IBM is liable for its infringement of the '006 Patent.

12. Oracle, including Oracle Consulting, has infringed and continues to infringe the '006 Patent by its manufacture, use, offer for sale, importation and/or sale of Oracle Data Service Integrator and other products (including those that incorporate the technology of Oracle Data Service Integrator), and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, Oracle is liable for its infringement of the '006 Patent.

13.     Defendants' acts of infringement have caused damage to VSi, and VSi is entitled to recover from Defendants the damages sustained by VSi as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of VSi's exclusive rights under the '006 Patent will continue to damage VSi, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

14.     Upon information and belief, Defendants had notice of VSi's '006 Patent prior to this Complaint, and Defendants' infringement of the '006 Patent is willful and deliberate, entitling VSi to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT TWO - INFRINGEMENT OF THE '864 PATENT**

15.     On January 23, 2007, United States Patent No. 7,167,864 B1 (the '864 Patent) was duly and legally issued for an invention entitled "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation." On January 6, 2009, an Ex Parte Reexamination Certificate was duly and legally issued for the '864 Patent.  The Reexamination Certificate confirms the patentability of all claims.  VSi was assigned the '864 Patent and continues to hold all rights and interest in the '864 Patent.  VSi has complied with the requirements of 35 U.S.C. § 287.  A true and correct copy of the '864 Patent and the Reexamination Certificate are attached as Exhibit B.

16.     IBM, including IBM Global Services, has infringed and continues to infringe the '864 Patent by its manufacture, use, offer for sale, importation and/or sale of WebSphere Information Integrator (formerly known as DB2 Information Integrator), WebSphere Federation Server, InfoSphere Federation Server, and other  products, and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, IBM is liable for its infringement of the '864 Patent.

17. Oracle, including Oracle Consulting, has infringed and continues to infringe the '864 Patent by its manufacture, use, offer for sale, importation and/or sale of Oracle Data Service Integrator and other products (including those that incorporate the technology of Oracle Data Service Integrator), and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products. Under 35 U.S.C. § 271, Oracle is liable for its infringement of the '864 Patent.

18. Defendants' acts of infringement have caused damage to VSi, and VSi is entitled to recover from Defendants the damages sustained by VSi as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of VSi's exclusive rights under the '864 Patent will continue to damage VSi, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

19. Upon information and belief, Defendants had notice of the '006 Patent prior to this Complaint, and had actual or constructive notice of the '864 Patent, in part, because the '864 Patent is a continuation of the '006 Patent. Accordingly, Defendants' continued infringement of the '864 Patent, which depends from the '006, is willful and deliberate, entitling VSi to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

20. VSi demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, VSi prays for relief against Defendants as follows:

a. Judgment that Defendants have infringed, induced others to infringe, and committed acts of contributory infringement with respect to the claims of the '006 and '864 Patents;

b.    Judgment that the '006 Patent and '864 Patent are valid and enforceable;

c.    Judgment that Defendants' patent infringement has been, and continues to be, willful;

d.    A permanent injunction enjoining Defendants, their respective officers, agents, servants, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent Nos. 6,877,006 B1 and 7,167,864 B1;

e.    Requiring Defendants to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which they have complied with the injunction;

f.    Awarding VSi damages adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty for the use made of the inventions by Defendants, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

g.    Trebling the aforesaid damages due to Defendants' willful infringement, pursuant to 35 U.S.C. § 284;

h.    Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding VSi its attorney fees;

i.    Costs of court; and

j.    Awarding to VSi such other and further relief, in law or equity, as the Court deems just.

SUSMAN GODFREY L.L.P.

/s/ Brooke A. M. Taylor
Brooke A. M. Taylor
Lead Attorney

WA State Bar No. 33190
btaylor@susmangodfrey.com
Daniel J. Walker
WA State Bar No. 38876
dwalker@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880
(206) 516-3883 (fax)

Michael F. Heim
TX State Bar No. 09380923
mheim@hpclip.com
Leslie V. Payne
TX State Bar No. 00784736
lpayne@hpcllp.com
HEIM, PAYNE & CHORUSH, LLP
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
(713) 221-2000
(713) 221-2021(fax)

ATTORNEYS FOR PLAINTIFF

Of Counsel:

Otis W. Carroll
State Bar No.  03895700
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500 (75703)
P.O. Box 7879
Tyler, Texas 75711
(903) 561-1600
(903) 561-1071 (fax)
fedserv@icklaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX  75606-3999
(903) 236-9800

(903) 236-8787 (fax)
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Robert M. Parker
State Bar No. 15498000
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)
rcbunt@pbatyler.com
rmparker@pbatyler.com