1 | Brooke A.M. Taylor (*Admitted Pro Hac Vice*)
btaylor@susmangodfrey.com
2 | Daniel J. Walker (*Admitted Pro Hac Vice*)
3 | dwalker@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
4 | 1201 Third Avenue, Suite 3800
5 | Seattle, Washington  98101-3000
(206) 516-3880 Tel.
6 | (206) 516-3883 Fax

7 | Michael F. Heim (*Admitted Pro Hac Vice*)
mheim@hpcllp.com
8 | Leslie V. Payne (*Admitted Pro Hac Vice*)
9 | lpayne@hpcllp.com
Eric J. Enger (*Admitted Pro Hac Vice*)
10 | eenger@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
11 | 600 Travis Street, Suite 6710
12 | Houston, TX  77002
(713) 221-2000 Tel.
13 | (713) 221.2021 Fax

14 | ATTORNEYS FOR PLAINTIFF
15 | *(Additional attorneys on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| VASUDEVAN SOFTWARE, INC., | § | Case No. 5:09-CV-05897-RS |
| | § | |
| Plaintiff, | § | **VSI'S UNOPPOSED MOTION** |
| | § | **FOR LEAVE TO AMEND** |
| | § | **COMPLAINT** |
| v. | § | |
| | § | |
| INTERNATIONAL BUSINESS MACHINES, | § | Honorable Richard Seeborg |
| INC. and ORACLE CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff, Vasudevan Software, Inc. ("VSi"), moves for leave to file an Amended Complaint upon Defendants International Business Machines, Inc. ("IBM") and Oracle Corporation ("Oracle"). A copy of the Amended Complaint is attached as Exhibit A to this motion.

**I. STATEMENT OF FACTS**

VSi filed its initial Complaint against IBM and Oracle in the Eastern District of Texas on April 13, 2009, alleging infringement of U.S. Patent Nos. 6,877,006 ("the '006 Patent") and 7,167,864 ("the '864 Patent"). Both the '006 and '864 Patents are related and claim similar subject matter. On November 10, 2009, the Eastern District of Texas Court transferred the case to this Northern District of California Court pursuant to 28 U.S.C. § 1404(a). This Court subsequently held a case management conference on April 8, 2010 and promptly issued its Case Management Scheduling Order. Dkt No. 133. Pursuant to the Case Management Scheduling Order, VSi served its infringement contentions on April 22, 2010 and the Defendants will serve their invalidity contentions on June 8, 2010. *Id.* Discovery in this case is still in its infancy; the parties have each served and responded to initial contention interrogatories and served requests for production, but no party has taken a deposition. The claim construction process has not yet started and the *Markman* hearing is not scheduled until October 20, 2010. *Id.* A trial date has not been set. *Id.*

Recently, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,720,861 ("the '861 Patent") to VSi on May 18, 2010. Ex. B. The '861 Patent application is a continuation of the '864 Patent, which is a continuation of the '006 Patent. *Id.* Thus, the '861 Patent shares a common specification with both of the Patents-in-Suit. The '861 Patent contains only four claims. *Id.* The four new claims relate to the same subject matter of both of the

Patents-in-Suit and contain similar claim language. VSi moves the Court to amend its Complaint to assert the '861 Patent. Defendants do not oppose.

## II. THE LEGAL STANDARD FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has construed Rule 15(a) very broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment"); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.").

In determining whether the Court should grant leave to amend, it must consider (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all of the factors merit equal consideration: Prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## III. VSI SHOULD BE GRANTED LEAVE TO AMEND

VSi's seeks leave to file its Amended Complaint, which adds the '861 Patent to the case. Pursuant to the liberal amendment standards of Rule 15, VSi should be permitted leave to amend its complaint.

Justice requires that VSi be permitted to add the '861 Patent to the case. The '861 Patent is related to the existing Patents-in-Suit and claims similar subject matter. Indeed, much of the

claim language in the '861 Patent is virtually identical to the claim language of the Patents-in-Suit. It would be inefficient and wasteful of judicial resources for VSi to prosecute its claims against IBM and Oracle involving the '861 Patent in a second lawsuit.

VSi does not seek this amendment in bad faith or based on any dilatory motive. The '861 Patent only recently issued on May 18, 2010 and could not have been included in VSi's initial Complaint, filed on April 13, 2009. However, VSi promptly forwarded the notice of allowance for the '861 Patent to the Defendants, along with the file history, and disclosed its intention to add the patent to the case. The parties discussed VSi's proposed amendment at the Case Management Conference before this Court. VSi provided Defendants infringement contentions for the claims of the '861 Patent along with the other patents-in-suit. Moreover, VSi filed this present Motion just 16 days after the '861 Patent issued.

Defendants will not be prejudiced by the addition of the '861 Patent. The four claims of the '861 Patent are very similar in scope to the claims of the existing Patents-in-Suit and VSi has not asserted them against any new products not also accused of infringing the two patents currently in the suit. Defendants do not oppose this motion for leave.

Adding the '861 Patent will not affect the existing schedule. The parties have not yet begun the claim construction process and discovery is still in its infancy. There is ample time in the schedule to account for any issues raised by the '861 Patent.

Finally, this Court should grant VSi's Motion because VSi's proposed amendment would not be futile and because VSi has not previously amended its complaint.

**IV. CONCLUSION**

For the reasons stated above, VSi respectfully asks the Court to grant its unopposed motion for leave to file a First Amended Complaint.

Dated:  June 3, 2010

Respectfully submitted,

/s/  Eric J. Enger

BROOKE A.M. TAYLOR (WA Bar No. 33190 - Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
DANIEL J. WALKER (WA Bar No. 38876 - Admitted *Pro Hac Vice*)
dwalker@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
(206) 516-3880 Tel.
(206) 516-3883 Fax

STEPHEN E. MORRISSEY (CA Bar 187865)
smorrissey@susmangodfrey.com
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Ste. 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3103
Fax: (310) 789-3005

MICHAEL F. HEIM (TX Bar No. 9380923 - Admitted *Pro Hac Vice*)
mheim@hpcllp.com
LESLIE V. PAYNE (TX Bar No. 0784736 - Admitted *Pro Hac Vice*)
lpayne@hpcllp.com
ERIC J. ENGER (TX Bar No. 24045833 - Admitted *Pro Hac Vice*)
eenger@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, TX  77002
(713) 221-2000 Tel.
(713) 221.2021 Fax

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing VSI'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT was served via email pursuant to the email service agreement among the parties on the following counsel of record:

| | |
|---|---|
| John M. Desmarais (admitted pro hac vice) | Dave Nelson (admitted pro hac vice) |
| john.desmarais@kirkland.com | davenelson@quinnemanuel.com |
| Jon T. Hohenthaner (admitted pro hac vice) | Jennifer Bauer (admitted pro hac vice) |
| jon.hohenthaner@kirkland.com | jenniferbauer@quinnemanuel.com |
| Joseph A. Loy (admitted pro hac vice) | Ellen Padilla (admitted pro hac vice) |
| joseph.loy@kirkland.com | ellenpadilla@quinnemanuel.com |
| Andrew G. Heinz (admitted pro hac vice) | QUINN EMANUEL URQUHART & SULLIVAN |
| andrew.heinz@kirkland.com | 500 W. Madison, Suite 2450 |
| Martin A. Galese (admitted pro hac vice) | Chicago, IL 60661 |
| martin.galese@kirkland.com | Telephone: (312) 463-2961 |
| KIRKLAND & ELLIS LLP | Facsimile: (312) 463-2962 |
| 601 Lexington Avenue | |
| New York, NY 10022-4675 | Sean Pak (CA Bar No. 219032) |
| Telephone:  (212) 446-4800 | seanpak@quinnemanuel.com |
| Facsimile:  (212) 446-4900 | QUINN EMANUEL URQUHART & SULLIVAN |
| | 50 California Street, 22nd Floor |
| Harper Batts (SBN 242603) | San Francisco, California 94111 |
| harper.batts@kirkland.com | Telephone:  (415) 875-6600 |
| KIRKLAND & ELLIS LLP | Facsimile:  (415) 875-6700 |
| 950 Page Mill Road | |
| P.O. Box 51827 | Matthew Sarboraria (CA Bar No.211600) |
| Palo Alto, CA  94304 | matthew.sarboraria@oracle.com |
| Telephone:  (650) 859-7000 | ORACLE CORPORATION |
| Facsimile:  (650) 859-7500 | 500 Oracle Parkway, 7th Floor |
| | Redwood Shores, CA  94065 |
| *Attorneys for Defendant* | Telephone: (650) 506-7200 |
| *International Business Machines Corporation* | |
| | *Attorneys for Defendant* |
| | *Oracle Corporation* |

On this 3rd day of June, 2010.        /s/ Eric J. Enger
                                       Eric J. Enger