# Exhibit A

# Amended Complaint

Brooke A.M. Taylor (*Admitted Pro Hac Vice*)
btaylor@susmangodfrey.com
Daniel J. Walker (*Admitted Pro Hac Vice*)
dwalker@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
(206) 516-3880 Tel.
(206) 516-3883 Fax

Michael F. Heim (*Admitted Pro Hac Vice*)
mheim@hpcllp.com
Leslie V. Payne (*Admitted Pro Hac Vice*)
lpayne@hpcllp.com
Eric J. Enger (*Admitted Pro Hac Vice*)
eenger@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, TX  77002
(713) 221-2000 Tel.
(713) 221.2021 Fax

ATTORNEYS FOR PLAINTIFF
(*Additional attorneys on Signature Page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., | § Case No. 5:09-CV-05897-RS |
| | § |
| Plaintiff, | § |
| | § **VSI'S FIRST AMENDED** |
| | § **COMPLAINT** |
| v. | § |
| | § |
| INTERNATIONAL BUSINESS MACHINES, | § |
| INC. and ORACLE CORPORATION, | § Honorable Richard Seeborg |
| | § |
| Defendants. | § |
| | § |

For its Complaint, Plaintiff Vasudevan Software, Inc. ("VSi") alleges as follows:

## THE PARTIES

1.  Plaintiff VSi is a corporation duly organized under the laws of North Carolina with its principal place of business at 380-H Knollwood Street, Suite 193, Winston-Salem, North Carolina 27103.

2.  Upon information and belief, Defendant International Business Machines Corporation ("IBM") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

3.  Upon information and belief, Defendant Oracle Corporation ("Oracle") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.

## JURISDICTION AND VENUE

4.  This action arises under the United States Patent Laws, codified at 35 U.S.C. § 1, et seq.

5.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.  IBM has sufficient contacts with this judicial district and the state of California to subject it to the jurisdiction of this Court.  IBM is authorized to do business in California. CT Corporation System is a registered IBM agent for service of process, located at 818 W. Seventh Street, Los Angeles, CA 90017.  IBM maintains facilities and conducts business in California, including in the Northern District of California.  IBM maintains a major research facility (Almaden) at 650 Harry Road, San Jose, California 95120.  IBM also advertises and sells its products to distributors and residents throughout California.   In addition, IBM has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling VSi to relief.

7.  Oracle has sufficient contacts with this judicial district and the state of California to subject it to the jurisdiction of this Court. Oracle is authorized to do business in California.

Corporation Service Company is a registered Oracle agent for service of process, located at 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833.  Oracle maintains facilities and conducts business in California, including in the Northern District of California.  Oracle maintains its corporate headquarters at 500 Oracle Pkwy, Redwood Shores, CA 94065.  Oracle also advertises and sells its products to distributors and residents throughout California.  In addition, Oracle has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling VSi to relief.

8.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because IBM and Oracle (collectively, Defendants) have committed acts of direct and indirect infringement in the Northern District of California, have transacted business in the Northern District of California, and have established minimum contacts with the Northern District of California.

### COUNT ONE - INFRINGEMENT OF THE '006 PATENT

9.   On April 5, 2005, United States Patent No. 6,877,006 B1 ("the '006 Patent") was duly and legally issued for an invention entitled "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation."  On January 6, 2009, an Ex Parte Reexamination Certificate was duly and legally issued for the '006 Patent.  The Reexamination Certificate confirms the patentability of all claims.  VSi was assigned the '006 Patent and continues to hold all rights and interest in the '006 Patent.  VSi has complied with the requirements of 35 U.S.C. § 287.  A true and correct copy of the '006 Patent and the Reexamination Certificate is attached as Exhibit A.

10.   IBM, including IBM Global Services, has infringed and continues to infringe the '006 Patent by its manufacture, use, offer for sale, importation and/or sale of various accused products, including: IBM InfoSphere Warehouse; DB2 Warehouse; DB2 Data Warehouse Edition in combination with either IBM WebSphere/DB2 Information Integrator or WebSphere Federation Server; and DB2 Universal Database Data Warehouse Edition in combination with IBM WebSphere/DB2 Information Integrator, and is contributing to and inducing others to manufacture,

use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, IBM is liable for its infringement of the '006 Patent.

11. Oracle, including Oracle Consulting, has infringed and continues to infringe the '006 Patent by its manufacture, use, offer for sale, importation and/or sale of various accused products, including: Oracle Business Intelligence Enterprise Edition Plus; Oracle Business Intelligence Standard Edition One; and Siebel Business Analytics Platform with Siebel Analytics, and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, Oracle is liable for its infringement of the '006 Patent.

12. Defendants' acts of infringement have caused damage to VSi, and VSi is entitled to recover from Defendants the damages sustained by VSi as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of VSi's exclusive rights under the '006 Patent will continue to damage VSi, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

13. Upon information and belief, Defendants had notice of VSi's '006 Patent prior to this Complaint, and Defendants' infringement of the '006 Patent is willful and deliberate, entitling VSi to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO - INFRINGEMENT OF THE '864 PATENT

14. On January 23, 2007, United States Patent No. 7,167,864 B1 ("the '864 Patent") was duly and legally issued for an invention entitled "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation." On January 6, 2009, an Ex Parte Reexamination Certificate was duly and legally issued for the '864 Patent.  The Reexamination Certificate confirms the patentability of all claims.  VSi was assigned the '864 Patent and continues to hold all rights and interest in the '864 Patent.  VSi has complied with the requirements of 35 U.S.C. § 287.  A true and correct copy of the '864 Patent and the Reexamination Certificate are attached as Exhibit B.

15. IBM, including IBM Global Services, has infringed and continues to infringe the '864 Patent by its manufacture, use, offer for sale, importation and/or sale of various accused

products, including: IBM InfoSphere Warehouse; DB2 Warehouse; DB2 Data Warehouse Edition in combination with either IBM WebSphere/DB2 Information Integrator or WebSphere Federation Server; DB2 Universal Database Data Warehouse Edition in combination with IBM WebSphere/DB2 Information Integrator; and Cognos 8 Business Intelligence, and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products. Under 35 U.S.C. § 271, IBM is liable for its infringement of the '864 Patent.

16. Oracle, including Oracle Consulting, has infringed and continues to infringe the '864 Patent by its manufacture, use, offer for sale, importation and/or sale of various accused products, including: Oracle Business Intelligence Enterprise Edition Plus; Oracle Business Intelligence Standard Edition One; and Siebel Business Analytics Platform with Siebel Analytics, and is contributing to and inducing others to manufacture, use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, Oracle is liable for its infringement of the '864 Patent.

17. Defendants' acts of infringement have caused damage to VSi, and VSi is entitled to recover from Defendants the damages sustained by VSi as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of VSi's exclusive rights under the '864 Patent will continue to damage VSi, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

18. Upon information and belief, Defendants had notice of the '006 Patent prior to this Complaint, and had actual or constructive notice of the '864 Patent, in part, because the '864 Patent is a continuation of the '006 Patent. Accordingly, Defendants' continued infringement of the '864 Patent, which depends from the '006, is willful and deliberate, entitling VSi to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT THREE - INFRINGEMENT OF THE '861 PATENT**

19. On May 18, 2010, United States Patent No. 7,720,861 ("the '861 Patent") was duly and legally issued for an invention entitled "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation."  VSi was assigned the '861 Patent and continues to hold all rights

1     and interest in the '861 Patent.  VSi has complied with the requirements of 35 U.S.C. § 287.  A true

2     and correct copy of the '861 Patent is attached as Exhibit C.

3           20.    IBM, including IBM Global Services, has infringed and continues to infringe the

4     '861 Patent by its manufacture, use, offer for sale, importation and/or sale of various accused

5     products, including: IBM InfoSphere Warehouse; DB2 Warehouse; DB2 Data Warehouse Edition in

6     combination with either IBM WebSphere/DB2 Information Integrator or WebSphere Federation

7     Server; and DB2 Universal Database Data Warehouse Edition in combination with IBM

8     WebSphere/DB2 Information Integrator, and is contributing to and inducing others to manufacture,

9     use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, IBM is liable

10     for its infringement of the '861 Patent.

11           21. Oracle, including Oracle Consulting, has infringed and continues to infringe the '861

12     Patent has infringed and continues to infringe the '864 Patent by its manufacture, use, offer for sale,

13     importation and/or sale of various accused products, including: Oracle Business Intelligence

14     Enterprise Edition Plus; Oracle Business Intelligence Standard Edition One; and Siebel Business

15     Analytics Platform with Siebel Analytics, and is contributing to and inducing others to manufacture,

16     use, sell, distribute, and/or offer to sell infringing products.  Under 35 U.S.C. § 271, Oracle is liable

17     for its infringement of the '861 Patent.

18           22.    Defendants' acts of infringement have caused damage to VSi, and VSi is entitled to

19     recover from Defendants the damages sustained by VSi as a result of Defendants' wrongful acts in

20     an amount subject to proof at trial.  Defendants' infringement of VSi's exclusive rights under the

21     '861 Patent will continue to damage VSi, causing irreparable harm for which there is no adequate

22     remedy at law, unless enjoined by this Court.

23           23.    Upon information and belief, Defendants had notice of the '006 Patent prior to this

24     Complaint, and had actual or constructive notice of the '864 Patent and '861 Patent, in part, because

25     the '861 Patent is a continuation of the '864 Patent, which is a continuation of the '006 Patent.

26     Accordingly, Defendants' continued infringement of the '861 Patent, which depends from the '006

27     and '864 Patents, is willful and deliberate, entitling VSi to increased damages under 35 U.S.C. § 284

28     and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**JURY DEMAND**

24. VSi demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, VSi prays for relief against Defendants as follows:

a.    Judgment that Defendants have infringed, induced others to infringe, and committed acts of contributory infringement with respect to the claims of the '006, '864 and '861 Patents;

b.    Judgment that the '006, '864 and '861 Patents are valid and enforceable;

c.    Judgment that Defendants' patent infringement has been, and continues to be, willful;

d.    A permanent injunction enjoining Defendants, their respective officers, agents, servants, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of the '006, '864 and '861 Patents;

e.    Requiring Defendants to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which they have complied with the injunction;

f.    Awarding VSi damages adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty for the use made of the inventions by Defendants, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

g.    Trebling the aforesaid damages due to Defendants' willful infringement, pursuant to 35 U.S.C. § 284;

h.    Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding VSi its attorney fees;

i.    Costs of court; and

j.    Awarding to VSi such other and further relief, in law or equity, as the Court deems just.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  June __, 2010

Respectfully submitted,

_____

BROOKE A.M. TAYLOR (WA Bar No. 33190 -
Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
DANIEL J. WALKER (WA Bar No. 38876 -
Admitted *Pro Hac Vice*)
dwalker@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
(206) 516-3880 Tel.
(206) 516-3883 Fax

STEPHEN E. MORRISSEY (CA Bar 187865)
smorrissey@susmangodfrey.com
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Ste. 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3103
Fax: (310) 789-3005

MICHAEL F. HEIM (TX Bar No. 9380923 -
Admitted *Pro Hac Vice*)
mheim@hpcllp.com
LESLIE V. PAYNE (TX Bar No. 0784736 -
Admitted *Pro Hac Vice*)
lpayne@hpcllp.com
ERIC J. ENGER (TX Bar No. 24045833 -
Admitted *Pro Hac Vice*)
eenger@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, TX  77002
(713) 221-2000 Tel.
(713) 221.2021 Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing VSI'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT was served via email pursuant to the email service agreement among the parties on the following counsel of record:

John M. Desmarais (admitted pro hac vice)
john.desmarais@kirkland.com
Jon T. Hohenthaner (admitted pro hac vice)
jon.hohenthaner@kirkland.com
Joseph A. Loy (admitted pro hac vice)
joseph.loy@kirkland.com
Andrew G. Heinz (admitted pro hac vice)
andrew.heinz@kirkland.com
Martin A. Galese (admitted pro hac vice)
martin.galese@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4675
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Harper Batts (SBN 242603)
harper.batts@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
P.O. Box 51827
Palo Alto, CA  94304
Telephone:  (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
*International Business Machines*
*Corporation*

Dave Nelson (admitted pro hac vice)
davenelson@quinnemanuel.com
Jennifer Bauer (admitted pro hac vice)
jenniferbauer@quinnemanuel.com
Ellen Padilla (admitted pro hac vice)
ellenpadilla@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN
500 W. Madison, Suite 2450
Chicago, IL 60661
Telephone: (312) 463-2961
Facsimile: (312) 463-2962

Sean Pak (CA Bar No. 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Matthew Sarboraria (CA Bar No.211600)
matthew.sarboraria@oracle.com
ORACLE CORPORATION
500 Oracle Parkway, 7th Floor
Redwood Shores, CA  94065
Telephone: (650) 506-7200

*Attorneys for Defendant*
*Oracle Corporation*

On this __th day of June, 2010.

_____
Eric J. Enger