1  Dave Nelson (*admitted pro hac vice*)
   davenelson@quinnemanuel.com
2  Jennifer Bauer (*admitted pro hac vice*)
   jenniferbauer@quinnemanuel.com
3  Ellen Padilla (*admitted pro hac vice*)
   ellenpadilla@quinnemanuel.com
4  QUINN EMANUEL URQUHART & SULLIVAN
   500 W. Madison, Suite 2450
5  Chicago, IL 60661
   Telephone: (312) 705-7400
6  Facsimile: (312) 705-7401

7  Sean Pak (CA Bar No. 219032)
   seanpak@quinnemanuel.com
8  QUINN EMANUEL URQUHART & SULLIVAN
   50 California Street, 22nd Floor
9  San Francisco, California 94111
   Telephone:  (415) 875-6600
10 Facsimile:  (415) 875-6700

11 Matthew Sarboraria (CA Bar No. 211600)
   ORACLE CORPORATION
12 500 Oracle Parkway, 7th Floor
   Redwood Shores, CA  94065
13 Telephone: (650) 506-7200
14 matthew.sarboraria@oracle.com

15 Attorneys for Defendant
   ORACLE CORPORATION
16

17                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
18                       SAN JOSE DIVISION

| 19 | VASUDEVAN SOFTWARE, INC., | CASE NO. 5:09-CV-05897-RS |
|---|---|---|
| 20 | Plaintiff, | |
| 21 | vs. | **ORACLE CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO VASUDEVAN SOFTWARE, INC.'S FIRST AMENDED COMPLAINT** |
| 22 | INTERNATIONAL BUSINESS MACHINES CORP. AND ORACLE CORP. | |
| 23 | Defendants. | Honorable Richard Seeborg |
| 24 | | |

25
26     **ORACLE CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND
       COUNTERCLAIMS TO VASUDEVAN SOFTWARE, INC.'S FIRST AMENDED
27                              <u>COMPLAINT</u>**

28

01384.30021/3546778.1

Defendant Oracle Corporation ("Oracle"), through its counsel, respectfully responds to the First Amended Complaint filed by Plaintiff, Vasudevan Software, Inc. ("Plaintiff") as follows:

**THE PARTIES**

1. Answering Paragraph 1, Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

2. Answering Paragraph 2, Paragraph 2 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

3. Answering Paragraph 3, Oracle admits that it is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

**JURISDICTION AND VENUE**

4. Answering Paragraph 4, Oracle admits that the Complaint purports to allege patent infringement under 35 U.S.C. §§ 1 et seq. Oracle denies that the Complaint properly states such claims, and specifically denies any wrongdoing or infringement.

5. Answering Paragraph 5, Oracle admits that the Complaint purports to base federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Otherwise, this paragraph contains conclusions of law to which no answer is required.

6. Answering Paragraph 6, Paragraph 6 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

7. Answering Paragraph 7, Oracle denies any wrongdoing or infringement and Oracle specifically denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else. Oracle admits that it is authorized to do business in the state of California and has appointed Corporation Service Company, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833 as its agent for service of process. Oracle admits that it maintains facilities and conducts business in California, including in the Northern District of California. Oracle admits its corporate headquarters are at 500 Oracle Pkwy, Redwood City, CA 94065. Oracle also

1  admits that it advertises and sells certain products in the state of California.  Otherwise, this
2  paragraph contains conclusions of law to which no answer is required.

3        8.      Answering Paragraph 8, Oracle denies any wrongdoing or infringement and
4  Oracle specifically denies that it has committed acts of direct or indirect infringement within this
5  judicial district or anywhere else.  Oracle admits that this District is the most convenient venue for
6  adjudication of the claims raised by Plaintiff in this action.   Oracle is without sufficient
7  knowledge or information regarding the allegations of Paragraph 9 directed at the other Defendant
8  and therefore denies them.  Otherwise, this paragraph contains conclusions of law to which no
9  answer is required.

10        **COUNT ONE – INFRINGEMENT OF THE '006 PATENT**

11        9.      Answering Paragraph 9, Oracle admits that United States Patent No.
12  6,877,006 ("the '006 patent") is attached to Plaintiff's Complaint as Exhibit A and that on its face
13  it is titled, "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time
14  Evaluation."  Oracle further admits that the face of the '006 patent states that it was issued on
15  April 5, 2005.  Oracle admits that an Ex Parte Reexamination Certificate for the '006 patent is
16  attached to Plaintiff's Complaint as Exhibit A.  Oracle further admits that the face of the Ex Parte
17  Reexamination Certificate for the '006 patent states that it was issued on January 6, 2009.  Oracle
18  denies that the '006 patent and the Ex Parte Reexamination Certificate for the '006 patent were
19  properly issued.  Oracle is without knowledge or information sufficient to form a belief as to the
20  truth of all other allegations contained therein, and therefore denies all other allegations.

21        10.      Answering Paragraph 10, Paragraph 10 does not contain any allegations that
22  are directed at Oracle, and therefore requires no answer.

23        11.      Answering Paragraph 11, Oracle admits that it has or had offerings called
24  Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard
25  Edition One, and Siebel Business Analytics Platform with Siebel Analytics.  Oracle denies that it
26  has infringed and continues to infringe the '006 patent by manufacturing, using, offering for sale,
27  importing, and/or selling Oracle Business Intelligence Enterprise Edition Plus, Oracle Business
28  Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics

or any other products, and Oracle denies that it has contributed to or induced others to manufacture, use, sell, distribute, and/or offer to sell any infringing products. Oracle denies all other allegations in this paragraph and specifically denies any wrongdoing or infringement.

12. Answering Paragraph 12, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '006 patent. Oracle further denies that Plaintiff is entitled to any relief whatsoever. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 12 directed at the other Defendant, and therefore denies them. Otherwise, this paragraph contains conclusions of law to which no answer is required.

13. Answering Paragraph 13, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '006 patent. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 13 directed at the other Defendant and therefore denies them. Oracle further denies that any conduct on its part entitles Plaintiff to increased damages under 35 U.S.C. § 284 or subjects Oracle to liability for attorneys' fees under 35 U.S.C. § 285. Oracle further denies that Plaintiff is entitled to any relief whatsoever.

**COUNT TWO – INFRINGEMENT OF THE '864 PATENT**

14. Answering Paragraph 14, Oracle admits that United States Patent No. 7,167,864 ("the '864 patent") is attached to Plaintiff's Complaint as Exhibit B and that on its face it is titled, "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation." Oracle further admits that the face of the '864 patent states that it was issued on January 23, 2007. Oracle admits that an Ex Parte Reexamination Certificate for the '864 patent is attached to Plaintiff's Complaint as Exhibit B. Oracle further admits that the face of the Ex Parte Reexamination Certificate for the '864 patent states that it was issued on January 6, 2009. Oracle denies that the '864 patent and the Ex Parte Reexamination Certificate for the '864 patent were properly issued. Oracle is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained therein, and therefore denies all other allegations.

15. Answering Paragraph 15, Paragraph 15 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

16. Answering Paragraph 16, Oracle admits that it has or had offerings called Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics. Oracle denies that it has infringed and continues to infringe the '864 patent by manufacturing, using, offering for sale, importing, and/or selling Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics or any other products, and Oracle denies that it has contributed to or induced others to manufacture, use, sell, distribute, and/or offer to sell any infringing products. Oracle denies all other allegations in this paragraph and specifically denies any wrongdoing or infringement.

17. Answering Paragraph 17, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '864 patent. Oracle further denies that Plaintiff is entitled to any relief whatsoever. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 17 directed at the other Defendant, and therefore denies them. Otherwise, this paragraph contains conclusions of law to which no answer is required.

18. Answering Paragraph 18, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '006 patent. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 18 directed at the other Defendant and therefore denies them. Oracle further denies that any conduct on its part entitles Plaintiff to increased damages under 35 U.S.C. § 284 or subjects Oracle to liability for attorneys' fees under 35 U.S.C. § 285. Oracle further denies that Plaintiff is entitled to any relief whatsoever.

**COUNT THREE – INFRINGEMENT OF THE '861 PATENT**

19. Answering Paragraph 19, Oracle admits that United States Patent No. 7,720,861 ("the '861 patent") is attached to Plaintiff's Complaint as Exhibit C and that on its face it is titled, "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time

Evaluation." Oracle further admits that the face of the '861 patent states that it was issued on May 18, 2010. Oracle is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained therein, and therefore denies all other allegations.

20. Answering Paragraph 20, Paragraph 20 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

21. Answering Paragraph 21, Oracle admits that it has or had offerings called Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics. Oracle denies that it has infringed and continues to infringe the '861 patent by manufacturing, using, offering for sale, importing, and/or selling Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics or any other products, and Oracle denies that it has contributed to or induced others to manufacture, use, sell, distribute, and/or offer to sell any infringing products. Oracle denies all other allegations in this paragraph and specifically denies any wrongdoing or infringement.

22. Answering Paragraph 22, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '861 patent. Oracle further denies that Plaintiff is entitled to any relief whatsoever. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 22 directed at the other Defendant, and therefore denies them. Otherwise, this paragraph contains conclusions of law to which no answer is required.

23. Answering Paragraph 23, Oracle denies each and every allegation contained therein directed at Oracle, and specifically denies any wrongdoing or infringement of the '861 patent. Oracle is without sufficient knowledge or information regarding the allegations of Paragraph 23 directed at the other Defendant and therefore denies them. Oracle further denies that any conduct on its part entitles Plaintiff to increased damages under 35 U.S.C. § 284 or subjects Oracle to liability for attorneys' fees under 35 U.S.C. § 285. Oracle further denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

24. Paragraph 24 demands a jury trial, and therefore requires no answer.

## AFFIRMATIVE DEFENSES

25. Without altering the burdens of proof, Oracle asserts the following affirmative and other defenses. Oracle reserves the right to amend its answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

### [NON-INFRINGEMENT]

26. Oracle does not infringe and has not infringed, directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of United States Patent Nos. 6,877,006 ("the '006 patent"), 7,167,864 ("the '864 patent"), 7,720,861 ("the '861 patent") (collectively, "the patents-in-suit").

## SECOND AFFIRMATIVE DEFENSE

### [INVALIDITY]

27. The claims of the patents-in-suit are invalid, unenforceable and/or void for failure to satisfy one of more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 282.

## THIRD AFFIRMATIVE DEFENSE

### [LIMITATIONS ON DAMAGES AND RECOVERY]

28. Pursuant to the requirements of 35 U.S.C. §§ 286-288, Plaintiff's ability to recover damages and/or costs is limited.

## FOURTH AFFIRMATIVE DEFENSE

### [PROSECUTION HISTORY ESTOPPEL]

29. Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**[28 U.S.C. § 1498]**

30. Plaintiff's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**

**[LACHES]**

31. Plaintiff is barred by the doctrine of laches from seeking any relief prior to filing this action.

WHEREFORE, Oracle denies that any of its products, services, or processes infringes any claim of the '006, '864 or '861 patents identified in the First Amended Complaint and further denies that Plaintiff is entitled to any judgment against Oracle whatsoever. Oracle asks that the First Amended Complaint be dismissed with prejudice, that judgment be entered for Oracle, and that Oracle be awarded attorneys' fees incurred in defending against the First Amended Complaint, together with such other relief the Court deems appropriate.

**COUNTERCLAIMS**

**JURISDICTION AND THE PARTIES**

32. The following counterclaims for declaratory relief arise under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly Title 28 U.S.C. §§ 2201, 2202 and Title 35 U.S.C. §§ 41 et seq., respectively.  This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, Title 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

33. Venue is appropriate because Plaintiff has consented to the propriety of venue in this Court by filing the First Amended Complaint for patent infringement in this Court, in response to which these counterclaims are asserted, and for the reasons set forth in the November 10, 2009 Order in Case No. 2:09-CV-105-TJW (E.D.TX) transferring the case to this district.

34. Plaintiff has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNT 1

**[NON-INFRINGEMENT – U.S. PATENT NO. 6,877,006]**

35. An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '006 patent, as evidenced by Plaintiff's Complaint and First Amended Complaint and Oracle's Answers to Plaintiff's Complaint and First Amended Complaint.

36. Oracle does not infringe any claim of the '006 patent. Specifically, Oracle's Oracle Data Service Integrator, Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics do not infringe any claim of the '006 patent. Oracle believes that Plaintiff's Complaint and Plaintiff's First Amended Complaint were filed without good cause.

37. Oracle requests that this Court enter a judgment that Oracle does not infringe, and has not infringed any claim of the '006 patent.

## COUNT 2

**[NON-INFRINGEMENT – U.S. PATENT NO. 7,167,864]**

38. An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '864 patent, as evidenced by Plaintiff's Complaint and First Amended Complaint and Oracle's Answers to Plaintiff's Complaint and First Amended Complaint.

39. Oracle does not infringe any claim of the '864 patent. Specifically, Oracle's Oracle Data Service Integrator, Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics do not infringe any claim of the '864 patent. Oracle believes that Plaintiff's Complaint and Plaintiff's First Amended Complaint were filed without good cause.

40. Oracle requests that this Court enter a judgment that Oracle does not infringe, and has not infringed any claim of the '864 patent.

## COUNT 3

**[NON-INFRINGEMENT – U.S. PATENT NO. 7,720,861]**

41.     An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '861 patent, as evidenced by Plaintiff's Complaint and First Amended Complaint and Oracle's Answers to Plaintiff's Complaint and First Amended Complaint.

42.     Oracle does not infringe any claim of the '861 patent. Specifically, Oracle's Oracle Data Service Integrator, Oracle Business Intelligence Enterprise Edition Plus, Oracle Business Intelligence Standard Edition One, and Siebel Business Analytics Platform with Siebel Analytics do not infringe any claim of the '861 patent. Oracle believes that Plaintiff's Complaint and Plaintiff's First Amended Complaint were filed without good cause.

43.     Oracle requests that this Court enter a judgment that Oracle does not infringe, and has not infringed any claim of the '861 patent.

## COUNT 4

**[INVALIDITY – U.S. PATENT NO. 6,877,006]**

44.     An actual and justiciable controversy exists between Oracle and Plaintiff as to the validity of the '006 patent, as evidenced by Plaintiff's Complaint and First Amended Complaint and Oracle's Answers to Plaintiff's Complaint and First Amended Complaint.

45.     The claims of the '006 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

46.     Oracle is entitled to judgment from this Court finding that the '006 patent is invalid pursuant to Title 35 of the United States Code, including without limitation pursuant to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

## COUNT 5

**[INVALIDITY – U.S. PATENT NO. 7,167,864]**

47. An actual and justiciable controversy exists between Oracle and Plaintiff as to the validity of the '864 patent, as evidenced by Plaintiff's Complaint and First Amended Complaint and Oracle's Answers to Plaintiff's Complaint and First Amended Complaint.

48. The claims of the '864 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

49. Oracle is entitled to judgment from this Court finding that the '864 patent is invalid pursuant to Title 35 of the United States Code, including without limitation pursuant to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

## COUNT 6

**[INVALIDITY – U.S. PATENT NO. 7,720,861]**

47. An actual and justiciable controversy exists between Oracle and Plaintiff as to the validity of the '861 patent, as evidenced by Plaintiff's Complaint and First Amended Complaint and Oracle's Answers to Plaintiff's Complaint and First Amended Complaint.

48. The claims of the '861 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

49. Oracle is entitled to judgment from this Court finding that the '861 patent is invalid pursuant to Title 35 of the United States Code, including without limitation pursuant to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116 and/or 282.

WHEREFORE, Oracle prays for relief as follows:

A. That the '006, '864 and '861 patents, and every claim thereof, be declared not infringed and invalid.

B. That Plaintiff takes nothing by its First Amended Complaint and that the First Amended Complaint be dismissed with prejudice.

C. That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable authority, the Court finds that Plaintiff's conduct in commencing and pursuing these actions renders this an exceptional case and that Oracle be awarded its attorneys' fees incurred in connection with this action; and

D. That Oracle be awarded such other relief as the Court shall deem just and reasonable.

DATED: June 21, 2010      QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   /s/
Attorney for Defendant Oracle

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of June, 2010 that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

/s/ Sean Pak