Robert A. Appleby (admitted *pro hac vice*)
robert.appleby@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4675
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Harper Batts (SBN 242603)
harper.batts@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
P.O. Box 51827
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmarisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Attorneys for Defendant
*International Business Machines Corporation*
*Additional counsel listed on signature page*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., | Case No. 5:09-CV-05897-RS (HRL) |
| Plaintiff, | **IBM'S MOTION TO COMPEL DISCOVERY INTO VSI'S PRE-FILING INVESTIGATION** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION and ORACLE CORPORATION, | Date: January 25, 2011 |
| | Time: 10:00 a.m. |
| Defendants. | Courtroom: 2, 5th Floor |
| | The Honorable Magistrate Judge Howard R. Lloyd |

# Exhibit D

1  Brooke A. M. Taylor, WSBA 33190 (Admitted PHV)
   btaylor@susmangodfrey.com
2  Daniel J. Walker, WSBA 38876 (Admitted PHV)
   dwalker@susmangodfrey.com
3  SUSMAN GODFREY L.L.P.
   1201 Third Avenue, Suite 3800
4  Seattle, Washington 98101-3000
   Telephone: (206) 516-3880
5  Facsimile: (206) 516-3883

6
   Stephen E. Morrissey, CA Bar 187865
7  smorrissey@susmangodfrey.com
   SUSMAN GODFREY L.L.P.
8  1901 Avenue of the Stars, Suite 950
   Los Angeles, California 90067-6029
9  Telephone: (310) 789-3100
   Facsimile: (310) 789-3150
10
   Attorneys for Plaintiff
11

12              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
13                  SAN JOSE DIVISION

14  VASUDEVAN SOFTWARE, INC.,            Case No. 5:09-CV-05897 (RS-HRL)

15         Plaintiff,

16  vs.

17  INTERNATIONAL BUSINESS MACHINES      **VSI'S RESPONSES TO IBM'S SECOND**
    CORPORATION and ORACLE               **SET OF INTERROGATORIES**
18  CORPORATION

19         Defendants.

20

21       **VSI'S RESPONSES TO IBM'S SECOND SET OF INTERROGATORIES**

22         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Vasudevan

23  Software, Inc. (VSi) by its undersigned attorneys, hereby respond and object to Defendant

24  International Business Machines Corporation's ("IBM's") Second Set of Interrogatories.

25

26

27

28
   10910-v1/1024.0010

1

## GENERAL OBJECTIONS

2

1.       VSi objects to each instruction, definition, and interrogatory to the extent it seeks

3

disclosure of information protected by the attorney-client privilege, work-product doctrine, or

4

other applicable privilege or protection.

5

6

2.       VSi objects to each instruction, definition, and interrogatory to the extent it

7

requires the disclosure of information that is outside the reasonable scope of discovery.

8

3.       VSi objects to each instruction, definition, and interrogatory to the extent it seeks

9

information outside of VSi's custody, control or knowledge.

10

4.       VSi objects to each interrogatory to the extent it purports to require an exhaustive

11

response before completion of discovery. VSi bases its responses on information reasonably

12

available to it and reserves the right to amend or supplement its responses when and as

13

appropriate.

14

15

5.       VSi objects to each instruction, definition, or interrogatory that seeks to impose

16

obligations exceeding the scope of or inconsistent with the Federal Rules of Civil Procedure.

17

6.       VSi objects to any interrogatory that actually consists of multiple unrelated

18

interrogatories but which was framed as a single interrogatory in an attempt to circumvent the

19

limit on the number of interrogatories imposed in this lawsuit.

20

21

7.       By producing documents in lieu of a response, VSi does not waive applicable

22

privileges and reserves the right to demand the return of inadvertently produced privileged

23

documents pursuant to a procedure agreed to by the parties.

24

8.       VSi objects to the Interrogatories to the extent they fail to specify a reasonable

25

time period for which information is sought.

26

27

28

10910-v1/1024.0010

VSI'S RESPONSES TO IBM'S SECOND SET OF                                    Case No. 5:09-CV-05897 RS
INTERROGATORIES - 2

9.      VSi objects to the definition of "VSi" in definition 2 as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calling for privileged information.

10.     The applicable foregoing General Objections are incorporated into each of the specific objections and responses that follow as if set forth fully therein. The stating of a specific objection or response shall not be construed as a waiver of these General Objections. VSi reserves the right to assert additional objections to these Interrogatories as appropriate and to supplement these objections and responses pending the outcome of further investigation and discovery.

## INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 13:

For each patent claim of each Patent-In-Suit identified in VSi's infringement contentions, including any supplements thereto, describe in detail any investigation undertaken by or on behalf of VSi before the filing of the complaint in this action regarding potential infringement by IBM of that claim, including without limitation, an identification of every person or entity that supervised, assisted, participated in, or provided information concerning the investigation, a description of all analyses of any of the products and/or components identified in VSi's infringement contentions, an identification of all IBM products and/or components purchased or otherwise obtained by VSi, a description of all tests performed on any of the products and/or components identified in VSi's infringement contentions or any other IBM products and/or components, a description of every instance where VSi applied the claim to an accused device, an identification of all documents and things reviewed or relied upon in connection with the investigation, and a description of the results and/or conclusions of the investigation.

### ANSWER:

10910-v1/1024.0010

VSi reiterates its General Objections and incorporates the same by reference herein. VSi further objects to this interrogatory as unduly burdensome, compound and in violation of the Court's Case Management Scheduling Order, which limits IBM to twenty-five interrogatories, insofar as it purports to treat multiple independent requests for detailed information as a single interrogatory. VSi further objects to the extent the interrogatory calls for legal conclusions and/or information protected by the attorney-client privilege and/or the work-product doctrine; VSi will respond only based on non-privileged information. VSi also objects to this interrogatory to the extent it calls for the premature disclosure of expert testimony. Subject to the foregoing objections, VSi responds as follows:

Details of pre-suit investigations are privileged and/or protected by the attorney work-product doctrine, including but not limited to: descriptions of all products analyzed during the investigation; the identification of IBM products obtained by VSi during the investigation; descriptions of all tests performed on any IBM products during the investigation; descriptions of the instances where VSi applied the claim to an IBM product; identification of all documents and things reviewed or relied upon in connection with the investigation; and a description of the results of the investigation.


**INTERROGATORY NO. 14:**

Separately, for each Patent-in-Suit, describe in detail each damages theory that VSi alleges should be used in any damages calculation in this case, including without limitation, the amount of damages VSi claims under each damages theory, the specific inputs that VSi alleges should be used to calculate such damages, and whether VSi seeks a reasonable royalty or lost profits, including but not limited to (1) an identification of all facts and documents supporting VSi's determination of any reasonable royalty rate(s); and (2) if lost profits are sought, an

identification of all facts and documents supporting VSi's determination of the alleged lost profits, the basis for seeking such lost profits, and an identification of each sale VSi contends it lost as a result of IBM's alleged infringement.

**ANSWER:**

VSi reiterates its General Objections and incorporates the same by reference herein. VSi further objects to this interrogatory as unduly burdensome, compound and in violation of the Court's Case Management Scheduling Order, which limits IBM to twenty-five interrogatories, insofar as it purports to treat multiple independent requests for detailed information as a single interrogatory. VSi further objects to the extent the interrogatory calls for legal conclusions and/or information protected by the attorney-client privilege and/or the work-product doctrine; VSi will respond only based on non-privileged information. VSi further objects insofar as this interrogatory is predicated on legal terms or conclusions of law, including the terms "reasonable royalty" and "lost profits." VSi also objects to this interrogatory to the extent it calls for the premature disclosure of expert testimony. Subject to the foregoing objections, VSi responds as follows:

VSi intends to seek money damages adequate to compensate for Defendants' infringement. VSi intends to calculate those damages on the basis of lost profits and/or a reasonable royalty on all sales/licenses of products that infringe its patents, on sales of services provided in connection with the sales/licenses of infringing products, on maintenance and support revenues for infringing products, and on sales/licenses of additional IBM products and services purchased by customers who also purchased the infringing products. At this time, VSi does not have sufficient information to estimate damages with precision, including because information related to damages is in the possession of Defendants and has not yet been produced. VSi will provide further information on damages as discovery progresses and will do so at the time

10910-v1/1024.0010

VSI'S RESPONSES TO IBM'S SECOND SET OF INTERROGATORIES - 5

Case No. 5:09-CV-05897 RS

1    designated by the Federal Rules of Civil Procedure, the Local Rules and the Court's forthcoming

2    Scheduling Order regarding expert discovery.  VSi's expert report on damages will describe in

3    detail each damages theory that VSi alleges should be used in any damages calculation in this

4    case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VSI'S RESPONSES TO IBM'S SECOND SET OF                    Case No. 5:09-CV-05897 RS
INTERROGATORIES - 6

1

2
Dated: September 27, 2010            SUSMAN GODFREY LLP

3

4
                   By:    /s/ Brooke A. M. Taylor (by permission EJE)

5
                   Brooke A. M. Taylor
                   Lead Attorney

6
                   WA State Bar No. 33190 (Admitted Pro Hac Vice)
                   btaylor@susmangodfrey.com

7
                   Daniel J. Walker
                   WA State Bar No. 38876 (Admitted Pro Hac Vice)

8
                   dwalker@susmangodfrey.com
                   SUSMAN GODFREY L.L.P.

9
                   1201 Third Avenue, Suite 3800
                   Seattle, Washington 98101-3000

10
                   (206) 516-3880
                   (206) 516-3883 (fax)

11
                   Stephen E. Morrissey

12
                   CA Bar 187865
                   smorrissey@susmangodfrey.com

13
                   Susman Godfrey LLP
                   1901 Avenue of the Stars, Ste. 950

14
                   Los Angeles, CA 90067-6029
                   (310) 789-3103

15
                   (310) 789-3005 (fax)

16
                   Michael F. Heim
                   TX State Bar No. 09380923

17
                   mheim@hpclip.com
                   Leslie V. Payne

18
                   TX Bar No. 00784736
                   lpayne@hpcllp.com

19
                   Eric J. Enger
                   TX Bar No. 24045833

20
                   eenger@hpcllp.com
                   HEIM, PAYNE & CHORUSH, LLP

21
                   600 Travis Street, Suite 6710

22
                   Houston, Texas 77002-2912
                   (713) 221-2000

23
                   (713) 221-2021(fax)

24
                   ATTORNEYS FOR PLAINTIFF

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I HEREBY CERTIFY that on this 27th day of September, 2010, that a copy of the

4  foregoing was served via email pursuant to the email service agreement among the parties on the

5  following counsel of record:

6  Robert A. Appleby (admitted *pro hac vice*)
   robert.appleby@kirkland.com
7  Jon T. Hohenthaner (admitted *pro hac vice*)
   jon.hohenthaner@kirkland.com
8  Joseph A. Loy (admitted *pro hac vice*)
   joseph.loy@kirkland.com
9  Andrew G. Heinz (admitted *pro hac vice*)
   andrew.heinz@kirkland.com
10 Martin A. Galese (admitted *pro hac vice*)
   martin.galese@kirkland.com
11 KIRKLAND & ELLIS LLP
   601 Lexington Avenue
12 New York, NY 10022-4675
   Telephone: (212) 446-4800
13 Facsimile: (212) 446-4900
14

15 Harper Batts (SBN 242603)
   harper.batts@kirkland.com
16 KIRKLAND & ELLIS LLP
   950 Page Mill Road
17 P.O. Box 51827
   Palo Alto, CA 94304
18 Telephone: (650) 859-7000
   Facsimile: (650) 859-7500
19

20 John M. Desmarais (*of counsel*)
   jdesmarais@desmaraisllp.com
21 Desmarais LLP
   230 Park Avenue
22 New York, NY 10169
   Telephone: (917) 340-6940
23 Facsimile: (914) 666-6962
24 Attorneys for Defendant
   *International Business Machines Corporation*
25

26                                         By: __/s/ Eric J. Enger_____
                                                Eric J. Enger
27

28

10910-v1/1024.0010

---

VSI'S RESPONSES TO IBM'S SECOND SET OF          Case No. 5:09-CV-05897 RS
INTERROGATORIES - 8                             1037529v1/010023