Robert A. Appleby (admitted *pro hac vice*)
robert.appleby@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4675
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Harper Batts (SBN 242603)
harper.batts@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
P.O. Box 51827
Palo Alto, CA  94304
Telephone:  (650) 859-7000
Facsimile:  (650) 859-7500

John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmarisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone:  212-351-3400
Facsimile:  212-351-3401

Attorneys for Defendant
*International Business Machines Corporation*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC.,<br><br>                       Plaintiff,<br>         v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and ORACLE CORPORATION,<br><br>                       Defendants. | Case No. 5:09-CV-05897-RS (HRL)<br><br>**IBM'S MOTION TO COMPEL RESPONSE TO IBM'S INTERROGATORY NO. 15 REGARDING SOURCE CODE**<br><br>Date:  January 25, 2011<br>Time:  10:00 a.m.<br>Courtroom:  2, 5th Floor<br><br>The Honorable Magistrate Judge Howard R. Lloyd |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................2

II. FACTUAL STATEMENT ..................................................................................3

    A. Nature Of The Action ..............................................................................3

    B. Nature Of The Discovery Dispute ...........................................................3

III. ARGUMENT ........................................................................................................6

    A. VSi Has No Justifiable Basis For Refusing To Respond To Interrogatory No. 15. ..............................................................................6

    B. IBM Cannot Meaningfully Defend Against VSi's Infringement Allegations Unless VSi Fully Sets Forth Those Contentions With Citations To Source Code. .......................................................................7

IV. CONCLUSION .....................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005) ....................................................................................... 6

*Big Baboon Corp. v. Dell, Inc. et al.*,
    -- F. Supp. 2d --, 2010 WL 2766327 (C.D. Cal. July 2, 2010) ......................................................... 8

*DeMarini Sports, Inc. v. Worth, Inc.*,
    239 F.3d 1314 (Fed. Cir. 2001) ................................................................................................. 7

*Diagnostic Sys. Corp. v. Symantec Corp.*,
    2009 WL 1607717 (C.D. Cal. June 5, 2009) ......................................................................... 7, 8

*EON Corp. IP Holdings, LLC v. Sensus USA Inc.*,
    2010 WL 346218 (E.D. Tex. Jan. 21 2010) ............................................................................... 8

*Forgent Networks, Inc. v. Echostar Techs. Corp.*,
    2006 WL 3541313 (E.D. Tex. Nov. 2, 2006) ............................................................................ 8

*Genetech, Inc. v. The Trs. of the Univ. of Pa.*, C 10-2037-LHK (PSG) (N.D. Cal. Dec. 13, 2010) ..... 3

*S.S. White Burs, Inc. v. Neo-Flo, Inc.*,
    2003 WL 21250553 (E.D. Pa. May 2, 2003) ............................................................................ 6

*Southwall Techs., Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995) ................................................................................................. 7

*Townshend Intellectual Prop., L.L.C. v. Broadcom Corp.*,
    2007 WL 1994158 (N.D. Cal. July 5, 2007) ............................................................................ 8

**EXHIBIT LIST**

*Exhibit A:*   IBM's Third Set of Interrogatories (No. 15), dated Sept. 21, 2010.

*Exhibit B:*   VSi's Responses to IBM's Third Set of Interrogatories (No. 15), dated Oct. 25, 2010.

*Exhibit C:*   E-mail correspondence between counsel, dated June 21-24, 2010.

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 25, 2011, at 10:00 a.m. in Courtroom 2, 5th Floor, United States District Court for the Northern District of California, San Jose Division, before the Honorable Magistrate Judge Howard R. Lloyd, Defendant International Business Machines Corp. ("IBM") shall move the court pursuant to Federal Rule of Civil Procedure 37 for an order compelling Plaintiff Vasudevan Software, Inc. ("VSi") to substantively respond to IBM's Interrogatory No. 15.

IBM's counsel certifies, by his signature below, that IBM has in good faith conferred telephonically with VSi regarding VSi's refusal to respond to IBM's Interrogatory No. 15, and that those efforts were unsuccessful. IBM respectfully requests that this Court enter an order: (1) compelling VSi to respond to IBM's Interrogatory No. 15, fully identified and discussed below; and (2) awarding IBM all such further relief as this Court deems just and appropriate.

This motion is based on the following Memorandum of Points and Authorities, the supporting Declaration of Martin A. Galese, the pleadings on file in this action, matters of which the Court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, VSi accuses numerous IBM software suites of infringing its three patents-in-suit. VSi served its original infringement contentions almost eight months ago on April 22, 2010. Those contentions understandably did not cite to any source code from the accused IBM software products — as that source code had not yet been available for review — but rather relied exclusively on excerpts from user manuals describing the accused software. VSi's contentions explicitly recognized, however, that the lack of source code rendered the contentions incomplete, acknowledging for many elements of the asserted claims that "[a]dditional evidence that the Accused Software [meets this element] … *will be found in the source code for the Accused Software*." (*See, e.g.*, D.I. 181-13 (Ex. H) at 24 (emphasis added).)

Consistent with this acknowledged need for source code, VSi aggressively pursued the ability to review and analyze IBM's source code after it served its contentions. VSi urged IBM to negotiate a stipulation regarding the production of IBM's source code (D.I. 145), and to make the source code from the accused IBM software products available for inspection no later than June 2010 (*see, e.g.*, Ex. C). In compliance with VSi's request, IBM made its source code available for inspection the week of June 28, 2010, when one of VSi's retained consultants in fact reviewed it.

Several months later, having provided sufficient time for VSi to inspect and analyze the underlying source code, IBM served an interrogatory that requested that VSi provide pinpoint source-code citations for each element of the asserted claims. Given that VSi had expressly conceded that its infringement allegations against IBM's software products would require source code, IBM expected VSi to promptly answer this interrogatory. VSi, however, inexplicably refused to do so. VSi has not taken the position that it has been unable to analyze the available IBM source code, nor has VSi stated that it intends to forgo reliance on IBM's source code to prove its infringement case. Rather, VSi has taken the untenable position that it is not required to put IBM on notice of its infringement theories at any time before expert discovery.

This Court, however, has consistently rejected that position. To the contrary, this Court has held that "[w]here the Accused Instrumentality includes computer software based upon source code

made available to the patentee, patentees *must provide* 'pinpoint citations' to the code identifying the location of each limitation." *Genetech, Inc. v. The Trs. of the Univ. of Pa.*, C 10-2037-LHK (PSG) (N.D. Cal. Dec. 13, 2010) (order granting-in-part and denying-in-part motion to compel compliance with Patent L.R. 3-1). VSi's refusal to provide this information now prejudices IBM's ability to adequately prepare one of its core defenses in this case: noninfringement of the patents-in-suit. Accordingly, IBM respectfully requests that the Court order VSi to provide an immediate and complete response to IBM's interrogatory.

II.  **FACTUAL STATEMENT**

    A.  **Nature Of The Action**

VSi filed this patent-infringement action in the Eastern District of Texas on April 13, 2009, accusing both IBM and Oracle Corporation of infringing U.S. Patent No. 6,877,006 and U.S. Patent No. 7,167,864. The action was transferred to this Court on November 10, 2009. VSi amended its complaint on June 3, 2010, further alleging that IBM and Oracle infringe U.S. Patent No. 7,720,861.

On April 22, 2010, VSi served its Disclosure of Asserted Claims and Infringement Contentions in accordance Northern District of California Patent Local Rule 3-1, alleging that the following array of IBM software products infringe 54 claims of the patents-in-suit: IBM's InfoSphere Warehouse (all 9.5 & 9.7 versions); DB2 Warehouse (version 9.5); IBM's DB2 Data Warehouse Edition (all 9.1 versions) *in combination with* either IBM WebSphere/DB2 Information Integrator (version 9.2) or WebSphere Federation Server (version 9.2); IBM's DB2 Universal Database Data Warehouse Edition (all 8.2 versions) *in combination with* IBM WebSphere/DB2 Information Integrator; and IBM Cognos 8 Business Intelligence. The Court heard oral argument on the parties' disputed claim terms on October 20, 2010. Discovery in the case is on-going. No final discovery schedule or trial date has yet been ordered.

    B.  **Nature Of The Discovery Dispute**

This dispute relates to VSi's attempt to prevent IBM from preparing its defenses to VSi's assertion of patent infringement. VSi's Local Patent Rule 3-1 infringement contentions allege that various IBM software products infringe 54 claims of the three patents-in-suit. Those infringement contentions rely almost entirely, if not exclusively, on IBM product literature and assorted

1    information from various, often unrelated, websites, rather than direct citations to the operation of
2    the accused software products. (*See, e.g.*, D.I. 181-13 (Ex. H).) As a result, many of VSi's
3    infringement contentions are incomprehensible to IBM or, as VSi now admits in its Motion to
4    Amend its Infringement Contentions, simply wrong. (*See, e.g.*, D.I. 181 at 8 ("During the course of
5    its investigation, VSi confirmed that InfoSphere Warehouse could *not* write-back to the Cubing
6    Services multi-dimensional data source, as stated in VSi's Infringement Contentions ….").) IBM
7    thus had reason to believe that VSi neither obtained nor evaluated the accused software prior to
8    filing either this lawsuit or its infringement contentions. (*See, e.g.*, D.I. 182, IBM's Motion to
9    Compel Discovery into VSi's Pre-Filing Investigation, filed concurrently herewith.)

10   Furthermore, throughout its infringement contentions, VSi acknowledges that those
11   contentions are incomplete without source code by repeatedly stating that "[a]dditional evidence that
12   the Accused Software [infringes] … will be found in the source code for the Accused Software."
13   (*See, e.g.*, D.I. 181-13 (Ex. H) at 24.) For example, regarding step "C" of claim 2 of the '006 patent,
14   VSi alleges that:

> Additional evidence that the Accused Software constructs the OLAP cube directly from the live data stored on the disparate database without assembling the OLAP cube using data retrieved from an intermediate multidimensional database of stored retrieved data will be found in the source code for the Accused Software.

(D.I. 181-13 (Ex. H) at 25.) Similarly, for step "F" of the same claim, VSi alleges that:

> Additional evidence that the Accused Software accesses a database that is relevant to the specific data of the user update, and updates that database dynamically on demand with the specific data of the user update will be found in the source code for the Accused Software.

(D.I. 181-13 (Ex. H) at 31.)

Accordingly, on September 21, 2010, well after IBM made its source code available for VSi to inspect (D.I. 151, July 20, 2010, Order Amending the Parties' Joint Stipulation Regarding Source Code, at ¶ 1) ("IBM will produce its source code for review by VSi in the Houston office of Hogan Lovells"), IBM served Interrogatory No. 15, seeking VSi's infringement contentions with respect to the source code citations for each element of each asserted claim of the three patents-in-suit:

**INTERROGATORY NO. 15:**

> For each Accused Instrumentality, separately *identify the exact lines of source code that VSi contends meet* (or that when compiled and executed meet) **each limitation**

> *of each asserted claim of each Patent-In-Suit identified in VSi's infringement contentions*, including any supplements thereto. The identification shall be provided separately on a limitation-by-limitation basis and shall identify only those lines of source code for each limitation that are necessary to allegedly meet each such limitation.

(Ex. A (emphasis added).) IBM expected that a response to this interrogatory would help IBM understand the basis for VSi's infringement contentions, particularly as it relates to the functionality of the accused products as opposed to diffuse citations to product literature that VSi itself apparently does not understand. (*See, e.g.*, D.I. 181 at 6 ("[A]t the time VSi filed its Infringement Contentions, VSi could not have known that this manual was misleading ….").) IBM also hoped that this response might assist the parties as they focus the issues in this complex case and narrow the scope of discovery.

Rather than provide a substantive response to IBM's properly-served interrogatory, however, and despite the fact that VSi explicitly contends that additional evidence in support of its infringement contentions "will be found in the source code for the Accused Software" (*see, e.g.*, D.I. 181-13 (Ex. H) at 24), VSi has refused to respond to IBM's Interrogatory No. 15. Instead, VSi asserts numerous baseless objections and purportedly reserves any response it intends to rely upon until it serves "its expert submissions":

> **VSi Response:**
>
> In addition to the General Objections, VSi objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work-product doctrine. VSi will provide only non-privileged information. VSi further objects to the extent that this interrogatory calls for expert information protected from discovery under any applicable rule, law, stipulation, or order, including the Joint Case Management Statement, dated April 1, 2010. VSi further objects to this interrogatory as unduly burdensome and in violation of the Court's Case Management Scheduling Order, which limits IBM to twenty-five interrogatories, to the extent it requires VSi to respond for each claim of the patents-in-suit. VSi further objects to this request as unduly burdensome; VSi is not required to identify lines of source code in IBM's Accused Instrumentalities in order to prove its infringement case. VSi further objects that this request prematurely calls for expert testimony; ***VSi will provide relevant, responsive, non-privileged information, where appropriate, in conjunction with its expert submissions***. VSi reserves the right to supplement this response, if and where appropriate.

(Ex. B, VSi's Responses to IBM's Third Set of Interrogatories (No. 15), dated October 25, 2010 (emphasis added).)

To better understand VSi's position regarding its refusal to provide its source-code based infringement contentions, and in an effort to avoid filing this motion, IBM corresponded with VSi, and the parties held a telephonic meet-and-confer. During the December 3, 2010, meet-and-confer, VSi would not take the position that it was unable to analyze the available IBM source code to identify the lines of code that VSi contends meet each limitation of each patent-in-suit. (Decl. of Martin Galese in Supp. of IBM's Mot. to Compel Resp. to IBM's Interrog. No. 15 Regarding Source Code [hereafter "Galese Decl."] at ¶ 6.) In fact, VSi's retained consultant, Dr. Geoff McNiven, has already reviewed IBM source code at the offices of Hogan Lovells in Houston, Texas, during the week of June 28, 2010, and VSi further avers that it has "reviewed thousands of lines of source code." (D.I. 181 at 4.) Furthermore, counsel for VSi maintained that VSi wants to reserve the opportunity to be able to rely on IBM's source code for its infringement allegations. (Galese Decl. at ¶ 6.) IBM should not have to wait until VSi serves "its expert submissions" to discover information pertinent to the preparation of IBM's defenses, especially when those defenses are at the core of this dispute: IBM's noninfringement of the patents-in-suit.

## III. ARGUMENT

### A. VSi Has No Justifiable Basis For Refusing To Respond To Interrogatory No. 15.

IBM properly served its Interrogatory No. 15 on September 21, 2010, seeking identification of the lines of source code that VSi contends meet each asserted claim limitation. (Ex. A.) IBM is clearly entitled to this level of detail so that it can meaningfully respond to VSi's infringement allegations. *See, e.g., S.S. White Burs, Inc. v. Neo-Flo, Inc.*, 2003 WL 21250553, at *2 (E.D. Pa. May 2, 2003) ("[B]ecause the essence of a patent infringement suit is the comparison between the elements of two products, this element-by-element disclosure is necessary to inform [the Defendant] of the exact nature of Plaintiffs' claims." (citation omitted)); *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("To the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense.").

Indeed, courts have recognized that infringement contentions in software product cases must be clearly tied to the source code once it has been produced:

> The bottom line is that, ***after a plaintiff-patentee has had a reasonable opportunity to review the source code*** for the defendant's accused software product, the patentee's time for trolling the proverbial waters for a theory of infringement comes to an end, and ***the patentee must fish or cut bait with respect to its specific theory of infringement by providing [infringement contentions] to the defendant that clearly identify and explain how the source code for the accused product infringes upon specific claims*** for the patent-in-suit. For [plaintiff], trolling time is over.

*Diagnostic Sys. Corp. v. Symantec Corp.*, 2009 WL 1607717, at *5 (C.D. Cal. June 5, 2009) (emphasis added). The reason is clear. "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, ***exactly***." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) (emphasis added); *see also DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331 (Fed. Cir. 2001).

As IBM has repeatedly stated, it does not believe that it infringes any of the 54 patent claims asserted by VSi. If VSi had a legitimate basis for continuing to pursue its infringement claims, it is inconceivable that after months of extensive discovery, including depositions of IBM employees, the production of extensive amounts of responsive technical documentation, and the provision of source code for the accused software products, that VSi is unable to identify a single claim limitation of any of its 54 asserted claims in the source code for any of the accused software.

### B. IBM Cannot Meaningfully Defend Against VSi's Infringement Allegations Unless VSi Fully Sets Forth Those Contentions With Citations To Source Code.

IBM cannot meaningfully respond to VSi's infringement allegations unless it understands exactly what VSi contends meets each and every claim limitation. But VSi has steadfastly refused to provide this level of detail, even though VSi states repeatedly in its infringement contentions that "[a]dditional evidence that the Accused Software [infringes] … ***will be found in the source code for the Accused Software***." (*See, e.g.*, D.I. 181-13 (Ex. H) at 24 (emphasis added).) Instead VSi wishes

to rely on vague and ambiguous assertions that hide its contentions by citing large excerpts of documents that do not support its conclusory assertions. (*See generally id.*) Courts have found these types of data-dump infringement contentions insufficient because they fail to specifically identify *where* each limitation of each claim is allegedly found in each accused product, thus depriving the accused defendant of fair notice of the bases of Plaintiff's claims:

> [Plaintiff's] use of block quotes from and string citations to [Defendant's] documents is likewise insufficient.... The purpose of infringement contentions is to provide notice of [Plaintiff's] infringement theories.... ***Simply block quoting references, however, does not necessarily advise a defendant of where a plaintiff believes asserted elements are found in an instrumentality. Similarly, although citing documents has a role and may further notice, it does not, in and of itself, fulfill the notice function.*** [Plaintiff] must put forward its position as to where it believes particular limitations are met by the accused instrumentalities.

*EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21 2010).

To address this problem, courts typically order patentee-Plaintiffs to expressly map the accused source code to the asserted patent claim limitations, once the source code as been produced. *See, e.g., Big Baboon Corp. v. Dell, Inc.* et al., -- F. Supp. 2d --, 2010 WL 2766327, at *3 (C.D. Cal. July 2, 2010) ("Because [defendant] provided [plaintiff] with the source code for its accused programs over four months ago, and the case itself has been pending since February 2009, [plaintiff] can no longer delay the production of infringement [contentions] with citations to source code."); *Townshend Intellectual Prop., L.L.C. v. Broadcom Corp.*, 2007 WL 1994158, at *3 (N.D. Cal. July 5, 2007) (M.J. Seeborg) (ordering Plaintiff to "map the asserted claims of the patent to [defendant's] source code."); *Diagnostic*, 2009 WL 1607717, at *5 ("[A]fter a plaintiff-patentee has had a reasonable opportunity to review the source code for the defendant's accused software product, … the patentee must … provid[e] [infringement contentions] to the defendant that clearly identify and explain how the source code for the accused product infringes upon specific claims…."); *Forgent Networks, Inc. v. Echostar Techs. Corp.*, 2006 WL 3541313, at *3 (E.D. Tex. Nov. 2, 2006)

(ordering "full[] supplemental answer to Interrogatory" in view of source code produced by the Defendant). VSi was supposed to do that here no later than October 25, 2010, the due date of its response to IBM's Interrogatory No. 15. Now, two month later, IBM respectfully requests that the Court order VSi to provide an immediate and complete response to IBM's Interrogatory No. 15.

## IV. CONCLUSION

For the foregoing reasons, IBM respectfully requests that its Motion to Compel a Response to IBM's Interrogatory No. 15 regarding source code be granted in its entirety and VSi be ordered to produce information responsive to the above-identified requests.

Dated: December 21, 2010               *International Business Machines Corporation*

                                       By:    /s/ Martin A. Galese
                                              Robert A. Appleby (admitted *pro hac vice*)
                                              robert.appleby@kirkland.com
                                              Jon T. Hohenthaner (admitted *pro hac vice*)
                                              jon.hohenthaner@kirkland.com
                                              Joseph A. Loy (admitted *pro hac vice*)
                                              joseph.loy@kirkland.com
                                              Andrew G. Heinz (admitted *pro hac vice*)
                                              andrew.heinz@kirkland.com
                                              Martin A. Galese (admitted *pro hac vice*)
                                              martin.galese@kirkland.com
                                              KIRKLAND & ELLIS LLP
                                              601 Lexington Avenue
                                              New York, NY 10022-4675
                                              Telephone: (212) 446-4800
                                              Facsimile: (212) 446-4900

                                              Harper Batts (SBN 242603)
                                              harper.batts@kirkland.com
                                              KIRKLAND & ELLIS LLP
                                              950 Page Mill Road
                                              P.O. Box 51827
                                              Palo Alto, CA 94304
                                              Telephone: (650) 859-7000
                                              Facsimile: (650) 859-7500

John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmarisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2010, a true and correct copy of the foregoing IBM'S MOTION TO COMPEL RESPONSE TO IBM'S INTERROGATORY NO. 15 REGARDING SOURCE CODE was served by email delivery on counsel for the parties as follows:

*Counsel for Plaintiff VSi:*

Brooke A. M. Taylor (btaylor@susmangodfrey.com)
Daniel J. Walker (dwalker@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000


Stephen E. Morrissey (smorrissey@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029


Michael F. Heim (mheim@hpcllp.com)
Leslie V. Payne (lpayne@hpcllp.com)
Eric J. Enger (eenger@hpcllp.com)
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, TX 77002

                                                              /s/ Martin A. Galese
                                         Martin A. Galese (admitted *pro hac vice*)
                                         martin.galese@kirkland.com
                                         KIRKLAND & ELLIS LLP
                                         601 Lexington Avenue
                                         New York, NY 10022-4675
                                         Telephone:  (212) 446-4800
                                         Facsimile:  (212) 446-4900