UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,<br><br>   Defendants. | Case No.: C 09-05897 RS (PSG)<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>**(Re: Docket No. 206)** |

## I. INTRODUCTION

Defendant International Business Machines Corporation ("IBM") moves for an order compelling Plaintiff Vasudevan Software, Inc. ("VSi") to provide additional answers to an interrogatory propounded by IBM to VSi regarding when and how Mark Vasudevan ("Vasudevan") and his counsel came to know of prior art known or reasonably believed to be relevant to the three patents at issue in this case. VSi opposes IBM's motion and contends that it has provided adequate answers in response to the interrogatory and that the additional information sought is protected by attorney-client privilege.

The parties briefed the present motion and appeared for oral argument on April 26, 2011. Based on all papers filed to date, as well as on the argument of counsel, IBM's motion is GRANTED.

ORDER, *page 1*

## II. BACKGROUND

VSi filed this patent-infringement action alleging that both IBM and Oracle Corporation infringe U.S. Patent Nos. 6,877,006, 7,167,864, and 7,720,861. On April 22, 2010, IBM served interrogatory no. 2, which reads:

> Separately, for each Patent-in-Suit, identify all prior art known or reasonably believed to be relevant to the subject matter of the patent or that has been asserted by any person or entity to be relevant to the patent, including without limitation, all prior art cited in any reexamination of either Patent-in-Suit, and separately state for each person involved in any way in the prosecution of either Patent-in-Suit (including the named inventor and all attorneys involved in any part of the prosecution) the date and circumstances under which each such person first became aware of each item of prior art.

VSi served a response on May 24, 2010[1] and a supplemental response on November 22, 2010.[2] Although VSi's responses identified various prior art references, IBM complains that the responses do not provide sufficient information about the first dates and circumstances by which individuals involved in the prosecution of the patents-in-suit became aware of the references.

## III. STANDARD

Discovery analysis starts with the general proposition that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense."[3] Upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action."[4] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[5] "The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case."[6]

---

[1] *See* 3/22/11 Joseph Loy Decl Ex. B (Docket No. 206-3).

[2] *See id.* Ex. C (Docket No. 206-4).

[3] Fed. R. Civ. P. 26(b)(1).

[4] *Id.*

[5] *Id.*

[6] *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A., et al.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008).

Permissible discovery, however, may be limited by relevant privileges, including the attorney-client privilege.[7] "As a general matter, '[a] party is not entitled to discovery of information protected by the attorney-client privilege.'"[8] "Because the attorney-client privilege is in derogation of the search for truth, it is 'narrowly and strictly construed.'"[9] The party asserting the attorney-client privilege bears the burden of proving that it applies.[10]

## IV. ANALYSIS

In response to the disputed interrogatory, VSi states that the prior art became known to relevant individuals "on or about," "on or shortly before," or "by at least" particular dates. IBM argues that these dates are merely the dates the applicant cited each reference to the PTO. Put another way, IBM contends that VSi has set forth only the latest possible date it could have learned of the prior art, rather than the actual date each reference became known. Because they may reveal facts in support of an inequitable conduct defense, IBM argues the actual dates, as well as the circumstances by which prior art first became known, should be disclosed.

VSi responds that, if an individual learned of prior art through an attorney-client communication, revealing when and how that item of prior art became known would necessarily reveal the substance of communications between the inventor and his prosecution attorneys. At the very least, VSi contends, such an answer would necessarily reveal that Vasudevan and his attorneys had discussions regarding specific prior art references on a specific date. VSi cites *In re Spalding Sports Worldwide, Inc.*[11] for the proposition that the underlying facts of a privileged communication are not discoverable.

VSi misreads both *Spalding* and the interrogatory in dispute. First, *Spalding* does not insulate otherwise discoverable information simply because it is included in a privileged

---

[7] *Id.*

[8] *Id.*

[9] *Verizon California, Inc. v. Ronald A. Katz Technology Licensing*, 266 F. Supp. 2d 1144, 1147 (C.D. Cal. 2003) (internal citations omitted).

[10] *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (internal citations omitted).

[11] *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-807 (Fed. Cir. 2000)

ORDER, *page 3*

communication. The decision merely clarified that privileged communications themselves—in that case, an invention disclosure form—are not discoverable even if the subject matter of the communication is discoverable.[12] Second, the information sought by IBM does not seek a portion of a communication to be dissected out of a privileged communication. Rather, IBM seeks facts of the date and circumstances by which each individual first learned about a piece of prior art independent of any communication involving those facts. "The protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."[13]

VSi claims that the facts sought reveal the seeking of or the rendering of legal advice and thus the substance of privileged communications. But VSi has not provided any information upon which this court could rely to evaluate this claim.[14] In any event, the date of a communication and its general subject matter is information routinely disclosed in privilege logs to establish that the content of the communication is privileged.[15]

The court notes that when willfulness has been alleged in a patent infringement case, plaintiffs routinely seek information about the date and circumstances by which a defendant learned about a patent. In such circumstances, "the facts about the discovery [of the patent] are not in themselves protected by the attorney-client privilege" and a defendant is obligated to provide the dates of the discovery and the circumstances under which the discovery was made.[16]

---

[12] *Id.* at 806.

[13] *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981) (internal citations omitted) (citing *Philadelphia v. Westinghouse Electric Corp.*, 205 F. Supp. 830, 831 (D.C. Pa. 1962)).

[14] *Cf. DSM Desotech Inc. v. 3D Systems Corp.*, No. 08-1531, 2011 WL 117048, at *4 (N.D. Ill. Jan. 12, 2011).

[15] *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (listing information that must be included in a privilege log to establish the applicability of attorney-client privilege).

[16] *See Intervet v. Merial LTD*, 256 F.R.D. 229, 231-234 (D.D.C. 2009).

If such "date and circumstance" information is not privileged when sought from the accused infringer, it also is not privileged when sought from the patentee.[17]

The court therefore finds that VSi's response to interrogatory no. 2 is insufficient with respect to the date and circumstances by which each item of prior art became known. VSi shall provide the actual dates upon which each piece of prior art became known and a description of any and all circumstances by which the prior art became known to each individual referenced in interrogatory no. 2. To the extent VSi withholds information about particular circumstances because such disclosure would reveal the substance of an attorney-client communication, VSi must tender a sufficient basis upon which that privilege claim can be based. VSi shall comply with this order no later than May 17, 2011.

Dated: April 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[17] Furthermore, at oral argument, VSi acknowledged that some of the individuals learned of prior art in ways that do not involve any communication with an attorney. Thus, there is no legitimate claim of privilege at least with regard to this subset of dates and circumstances.